COWART, Judge,
dissenting.
The Florida Rules of Appellate Procedure provide that appeals must be taken within 30 days after rendition of the order to be reviewed. (See Rule 9.110(b) as to final orders; 9.130(b) as to non-final orders and 9.140(b)(2) as to appeals by defendants in criminal cases.) However, Rule 9.020(g) defining rendition provides broadly that an order is not deemed rendered until disposition of an “authorized and timely motion for new trial or rehearing.” Florida Rule of Juvenile Procedure 8.820 authorizes a motion for rehearing as to dispositive orders in juvenile cases. Appellant filed a timely motion for rehearing in this juvenile case and filed an appeal within 30 days of the disposition of that motion. However, stuck down in the juvenile rehearing rule 8.820 under the heading (b) Time and Method is a provision that “[a] motion for rehearing shall not toll the time for the taking of an appeal.” This juvenile rule is in direct conflict with appellate rule 9.020(g) and sets a trap for unwary attorneys. As a matter of good procedure, this conflict between these two rules should be resolved by harmonizing them or, at the very least, the conflict should be made abundantly clear such as by expressly providing in appellate rule 9.020(g) that it does not apply to motions for rehearing in juvenile cases with a cross-reference to juvenile rule 8.820(b)(3). Until that is done, in the interests of justice, the conflict between the two rules should be resolved by giving preeminence to the appellate rule. All rules of procedure should be written and construed to serve the just determination of every action and every appeal on the merits.